1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11

JASON COOPER,

Case No. 1:15-cv-00908-DAD-DLB PC

12

Plaintiff,

FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983

13

v.

14

EDMUND G. BROWN, et al.,

15

Defendants.

16

17     Plaintiff Jason Cooper ("Plaintiff") is a California state prisoner proceeding pro se and in

18   forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on June 15,

19   2015.  He names Governor Jerry Brown, Secretary of the California Department of Corrections and

20   Rehabilitation ("CDCR") Jeffrey Beard, former CDCR Secretary Matthew Cate, Pleasant Valley

21   State Prison ("PVSP") Warden Scott Frauenheim, former PVSP Warden Paul Brazelton, former

22   PVSP Warden James Yates, and PVSP Medical Director Felix Igbinosa as Defendants.

23   **A.     SCREENING REQUIREMENT**

24     The Court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader

5    is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

6    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7    do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

8    550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

9    'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual

10   allegations are accepted as true, legal conclusions are not.  Id.

11       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

12   federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

13   (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

14   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or

15   omissions of each named defendant to a violation of his rights; there is no respondeat superior

16   liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

17   1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

18   Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

19   for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

20   The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.

21   at 678; Moss, 572 F.3d at 969.

22   **B.**    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

23       Plaintiff is currently incarcerated at Mule Creek State Prison.  The events at issue occurred

24   while Plaintiff was incarcerated at PVSP in Coalinga, California.

25       Plaintiff is a forty year old Caucasian male.  On or about October of 2006, he was committed

26   to the custody of CDCR.  Plaintiff was transferred to PVSP in November 2011.

27       At the time of Plaintiff's arrival at PVSP, he was in good health.  In or about June 2013, he

28   was diagnosed with Valley Fever.  He was found to have a titer score of 1:2.

1    Plaintiff continues to suffer aching joints and bones, persistent cough, lethargy, and severe

2  emotional distress, including depression.

3    *Defendant Brown*

4    Plaintiff alleges that Defendant Brown has been the governor of California since January 3,

5  2011.  He supervises the official conduct of all executive and ministerial officers, and he retains the

6  ultimate state authority over the care and treatment of inmates.  (ECF No. 1, at 3.)

7    *Defendant Beard*

8    Defendant Beard has been the Secretary of CDCR since December 27, 2012, and oversees

9  the management and operation of all prison facilities.  Plaintiff contends that in setting and

10  maintaining policies and practices of the organization, he "personally acted to deprive" Plaintiff of

11  his rights and failed to act to protect him.  (ECF No. 1, at 4.)  Plaintiff alleges that all relevant times,

12  Defendant Beard knew, or should have known, that the presence of coccidiodomycosis in and

13  around prisons in the San Joaquin Valley posed a serious risk of harm to inmates, including Plaintiff.

14    *Defendant Cate*

15    Defendant Cate was the Secretary of CDCR from 2008 through 2012, and was responsible

16  for the operation of all prisons and for the health and welfare of Plaintiff, and had direct authority

17  over every CDCR employee.  Plaintiff contends that in setting and maintaining policies and practices

18  of the organization, he "personally acted to deprive" Plaintiff of his rights and failed to act to protect

19  him.  (ECF No. 1, at 4-5.)  Plaintiff alleges that all relevant times, Defendant Cate knew, or should

20  have known, that the presence of coccidiodomycosis in and around prisons in the San Joaquin Valley

21  posed a serious risk of harm to inmates, including Plaintiff.

22    *Defendant Frauenheim*

23    Defendant Frauenheim has been the Warden of PVSP since 2013, and is responsible for the

24  operation of PVSP.  Plaintiff alleges that all relevant times, Defendant Frauenheim knew, or should

25  have known, that the presence of coccidiodomycosis in and around prisons in the San Joaquin Valley

26  posed a serious risk of harm to inmates, including Plaintiff.  Nonetheless, Defendant Frauenheim

27  "personally acted to deprive" Plaintiff of his rights and failed to act to protect Plaintiff.  ECF No. 1,

28  at 5.

1

*Defendant Brazelton*

2      Defendant Brazelton was the Warden of PVSP from 2012 through the fall of 2013, and was

3   responsible for the operation of PVSP.  Plaintiff alleges that all relevant times, Defendant Brazelton

4   knew, or should have known, that the presence of coccidiodomycosis in and around prisons in the

5   San Joaquin Valley posed a serious risk of harm to inmates, including Plaintiff.  Nonetheless,

6   Defendant Brazelton "personally acted to deprive" Plaintiff of his rights and failed to act to protect

7   Plaintiff.  (ECF No. 1, at 5.)

8      *Defendant Yates*

9      Defendant Yates was the former Warden of PVSP, and was responsible for the operation of

10   PVSP.  Plaintiff alleges that all relevant times, Defendant Yates knew, or should have known, that

11   the presence of coccidiodomycosis in and around prisons in the San Joaquin Valley posed a serious

12   risk of harm to inmates, including Plaintiff.  Nonetheless, Defendant Yates "personally acted to

13   deprive" Plaintiff of his rights and failed to act to protect Plaintiff.  ECF No. 1, at 6.

14      *Defendant Igbinosa*

15      Defendant Igbinosa was, at all relevant times, the medical director of PVSP, and was

16   responsible for the health of inmates.

17      *History of Knowledge of State Officials*

18      Plaintiff alleges that California health officials have known about the prevalence of Valley

19   Fever in the San Joaquin Valley, and the risk to inmate health, for over fifty years.  Plaintiff cites

20   numerous publications, including those in 1994 and 1996, and alleges that despite this information,

21   CDCR built eight prisons within the hyperendemic region of the San Joaquin Valley.  PVSP was one

22   of those eight prisons.

23      In November 2004, Renee Kanan, Deputy Director of Health Care Services at CDCR, wrote

24   a memorandum to all health care managers, staff members and other officials within CDCR

25   regarding the dangers of Valley Fever at prisons in certain areas.  The memo indicated that the

26   incidence of disseminated disease is highest in American Indians, Asians, Blacks, Hispanics and

27   immune-compromised individuals..  Plaintiff contends that this memo was available to Defendants.

28      An August 3, 2006, internal memo confirmed that CDCR officials knew that they were

1    exposing inmates to an elevated risk of Valley Fever.  An October 27, 2006, internal memo set forth

2    the infection rates of since 2001.

3          In January 2007, the California Department of Public Health released a study showing that

4    certain ethnic groups, including Hispanics, are more likely to develop the disseminated version of

5    the disease.  The study recommended that CDCR evaluate relocating high-risk groups and, at a

6    minimum, take steps to minimize exposure.  Such steps included increasing ground cover and using

7    protective masks when digging.

8          Plaintiff contends that Defendants were also apprised of the ongoing Valley Fever epidemic

9    through a November 20, 2007, CDCR memo to staff and wardens of the prisons in the endemic area,

10   including PVSP.  The memo indicated a significant increase in the number of Valley Fever cases,

11   including deaths, among inmates in the San Joaquin Valley in 2005.

12         In 2008, an executive order declared a state-wide drought and encouraged local water

13   agencies to take aggressive action to reduce water consumption.  CDCR officials interpreted this as a

14   directive to stop maintaining grass cover, thereby increasing the risk that inmates at PVSP would

15   contract Valley Fever.

16         Upon taking office in 2011, Defendant Brown did not take any action to mandate that CDCR

17   stop relying on the executive order as justification for ceasing the only remedial measure at PVSP.

18         In April 2012, the California Correctional Health Care Services released a report concluding

19   that the incidence of Valley Fever has been increasing at some prisons.  The report noted that

20   incarceration of individuals in prisons within the endemic areas will continue to cause challenging

21   and costly cases of Valley Fever.  The report also found that CDCR had done nothing between 2006

22   and 2010 that had any effect on cocci incidence rates at prisons in the San Joaquin Valley.

23         Plaintiff alleges that of all the prisons in the endemic area, Avenal State Prison and PVSP

24   have rates of infection that are significantly higher than rates in the county in which the prison is

25   located.

26         Plaintiff alleges that Defendants knew that placing him in a prison in the San Joaquin Valley

27   was hazardous to his health and posed an unacceptable risk of irreparable harm.  Despite this

28   knowledge and the knowledge of remedial actions, Defendants took no steps to exclude Plaintiff

5

1   from PVSP.

2       Plaintiff also alleges that Defendants failed to disclose the known risks to Plaintiff, the

3   likelihood of exposure, and the likelihood of contracting the disease.

4       Plaintiff alleges that Defendants imposed cruel and unusual punishment in violation of the

5   Eighth Amendment.

6   **C.**    **DISCUSSION**

7       1.    <u>Linkage</u>

8       As explained above, section 1983 provides a cause of action for the violation of Plaintiff's

9   constitutional or other federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>,

10  580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir.

11  2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must

12  demonstrate that each defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 556

13  U.S. at 676-77, 129 S.Ct. at 1949; <u>Simmons v. Navajo County, Ariz</u>., 609 F.3d 1011, 1020-21 (9th

14  Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.

15      Therefore, Plaintiff must link the named defendants to the participation in the violation at

16  issue.  Liability may not be imposed on supervisory personnel under the theory of respondeat

17  superior, <u>Iqbal</u>, 556 U.S. at 676-77; <u>Simmons</u>, 609 F.3d at 1020-21; <u>Ewing</u>, 588 F.3d at 1235; <u>Jones</u>,

18  297 F.3d at 934, and supervisory personnel may only be held liable if they "participated in or

19  directed the violations, or knew of the violations and failed to act to prevent them," <u>Taylor v. List</u>,

20  880 F.2d 1040, 1045 (9th Cir. 1989); accord <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011),

21  cert. denied, 132 S.Ct. 2101 (2012); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009).  Some

22  culpable action or inaction must be attributable to Defendants and while the creation or enforcement

23  of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy

24  must have been the moving force behind the violation.  <u>Starr</u>, 652 F.3d at 1205; <u>Jeffers v. Gomez</u>,

25  267 F.3d 895, 914-15 (9th Cir. 2001); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446-47 (9th

26  Cir. 1991).

27      All Defendants named in Plaintiff's Complaint are in supervisory positions.  In other words,

28  no Defendant had any personal interactions with Plaintiff to form a basis of liability.  Therefore,

1    Plaintiff must demonstrate that Defendants "participated in or directed the violations, or knew of the

2    violations and failed to act to prevent them."  Insofar as he cites a policy and/or custom, Plaintiff

3    must demonstrate that the policy or custom was the moving force behind the violation.  Moreover,

4    Plaintiff must do more than allege conclusory, speculative allegations.  He must set forth facts upon

5    which the requisite liability may be based.

6         Plaintiff's demonstration of knowledge relies solely on the existence of studies and/or reports

7    that existed prior to, and during the time that Plaintiff was incarcerated at PVSP.  However,

8    Plaintiff's reliance on publications or events that are related to Valley Fever, without any specific

9    factual allegations to link them to an individual Defendant, is not sufficient to infer knowledge to

10   that Defendant.

11        Plaintiff alleges that Defendants Brown, Beard, Cate, Frauenheim, Brazelton and Yates

12   "personally acted" to deprive him of his constitutional rights, but this is nothing more than an

13   unsupported, conclusory allegation.  As to Defendant Igbinosa, Plaintiff does not allege that he acted

14   in any way.  The liberal standards that apply to civil rights complaints may not supply essential

15   elements of the claim that were not pled.  Chapman v. Pier One Imports (U.S.), Inc., 631 F.3d 939,

16   955 (9th Cir.2011).  The conclusory allegations are not entitled to the presumption of truth, Iqbal,

17   556 U.S. at 681, and are insufficient to state a plausible claim for relief.

18        2.    Eighth Amendment

19        Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately

20   indifferent to policies and practices that expose inmates to a substantial risk of serious harm."

21   Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35

22   (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if

23   he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable

24   measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to

25   act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514

26   F.3d 946, 957 (9th Cir. 2008).  A prisoner may state "a cause of action under the Eighth Amendment

27   by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental

28   conditions] that pose an unreasonable risk of serious damage to his future health." Helling v.

7

1    McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

2          "The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v.

3    Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  "First, the inmate must show that the prison officials

4    were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting

5    Farmer, 511 U.S. at 837).  "This part of [the] inquiry may be satisfied if the inmate shows that the

6    risk posed by the deprivation is obvious." Id. (citation omitted).  "Second, the inmate must show

7    that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id.

8    (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate

9    health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

10          As explained above, Plaintiff has failed to sufficiently allege that any Defendant knew of a

11   risk of harm and failed to prevent it.  While he cites numerous documents and contends that such

12   documents were available, or known, to Defendants, he does not provide any factual allegations for

13   the Court to infer that Defendants had received the documents and were aware of their contents.

14          Plaintiff must plausibly allege that Defendants exhibited deliberate indifference in taking, or

15   failing to take, the alleged actions.  See Lua v. Smith, 2015 WL 1565370 (E.D. Cal. 2015). While the

16   Court recognizes that the exact circumstances required to state a claim under the Eighth Amendment

17   based on Valley Fever exposure are not clear, it is well settled that exposure to, and contraction of,

18   Valley Fever while housed at an endemic institution are not, by themselves, sufficient to state a

19   claim under the Eighth Amendment. In other words, the premise that the location of CSP is so

20   inherently dangerous due to the presence of Valley Fever cannot support a constitutional violation.

21   See Hines v. Youssef, 2015 WL 164215, at *4 (E.D.Cal. 2015) (rejecting African-American

22   asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley

23   Fever); accord Williams v. Biter, 2015 WL 1830770, at *3 (E.D.Cal. 2015). This premise is

24   unacceptable where free citizens residing in the surrounding areas tolerate this increased risk,

25   regardless of race or medical condition. "An individual who lives out of custody . . . anywhere in the

26   Southern San Joaquin Valley is at relatively high risk exposure to Coccidioides immitis spores," and

27   "[u]nless there is something about a prisoner's conditions of confinement that raises the risk of

28   exposure substantially above the risk experienced by the surrounding communities, it cannot be

8

1  reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate." Hines, at *4.

2       For the reasons discussed above, Plaintiff's allegations are speculative, at best, and do not

3  state a claim against any Defendant.

4  **D.**       **CONCLUSION AND ORDER**

5       Plaintiff's complaint fails to state a claim upon which relief may be granted under section

6  1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v.

7  Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

8  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant

9  did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on

10  supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr

11  v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although

12  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

13  speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

14       Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa

15  County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

16  reference to the prior or superseded pleading," Local Rule 220.

17       Accordingly, it is HEREBY ORDERED that:

18       1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

19  under section 1983;

20       2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

21       3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an

22  amended complaint; and

23       4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

24  action will be dismissed, with prejudice, for failure to state a claim.

25

26  IT IS SO ORDERED.

27     Dated:  __**May 11, 2016**__          ____**/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE

28