# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEROY COOPER,<br><br>                Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>                Defendants. | 1:15-cv-00908-DAD-GSA-PC<br><br>**SCREENING ORDER**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS** |

## I.    BACKGROUND

Jason Leroy Cooper ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 15, 2015. (ECF No. 1.) The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on May 12, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 11.) On June 9, 2016, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 12.)

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California.  The events at issue allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Scott Kernan (Secretary, CDCR), Dr. John Chokatos, Dr. O. Onyeje, and Scott Frauenheim (Warden, PVSP).

Plaintiff's allegations follow.  In June of 2013, Plaintiff was diagnosed with the disease known as Valley Fever and found to have a titer score of 1:2.  Plaintiff informed Dr. Chokatos of his aching joints and bones, persistent cough, lethargy, severe emotional distress, and depression.  Dr. Chokatos refused to prescribe the proper medication for Plaintiff until

September 13, 2014, approximately fifteen months later, after Plaintiff filed an inmate appeal. Dr. Chokatos also refused to prescribe adequate pain medication for Plaintiff. Dr. Chokatos noted that Plaintiff has asthma.

On September 12, 2014, Dr. Onyeje, Chief Physician and Surgeon, heard Plaintiff's inmate health care appeal and refused to treat Plaintiff's chronic pain with an adequate pain medication. Dr. Onyeje also refused to contact Plaintiff's counselor to have Plaintiff immediately transferred from PVSP based on Plaintiff's asthma that is triggered by dusty conditions.

On or about October 29, 2014, Scott Frauenheim, Warden of PVSP, heard Plaintiff's 602 appeal and reviewed the findings of Ms. Vierra. Warden Frauenheim did not follow the 2007 CDCR Senior Risk Management Officials' recommendations on how to keep inmates from contracting Valley Fever at PVSP. Because of Warden Frauenheim's refusal to follow the guidelines, Plaintiff contracted Valley Fever. The Warden should not have allowed Plaintiff to remain at PVSP with a documented case of asthma that is triggered by dusty conditions.

Plaintiff requests monetary damages, declaratory relief, and costs of suit.

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the

meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Supervisory Liability

Plaintiff has named as defendants Scott Kernan (CDCR Secretary) and Frauenheim (Warden, PVSP), who hold supervisory positions. "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75(9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Therefore, to the extent that Plaintiff seeks to impose liability upon any of the Defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B. Linkage – Defendant Scott Kernan

To state a claim under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v.

City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must link the named defendants to their participation in the violation at issue.

Plaintiff fails to link defendant Scott Kernan to any act, or failure to act, that caused a deprivation of Plaintiff's rights. Therefore, Plaintiff fails to state a claim against defendant Scott Kernan.

**C.     Prison Appeals Process**

Plaintiff alleges that Dr. O. Onyeje and Warden Frauenheim heard Plaintiff's inmate appeals and responded improperly.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who

knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996); Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Plaintiff alleges that Dr. Onyeje heard Plaintiff's inmate health care appeal, refused to treat Plaintiff's chronic pain with an adequate pain medication, and refused to contact Plaintiff's counselor to have Plaintiff immediately transferred from PVSP based on Plaintiff's asthma. Plaintiff also alleges that Warden Frauenheim heard Plaintiff's 602 appeal and reviewed the findings of Ms. Vierra.

Because the prison's grievance procedure does not give rise to a protected liberty interest, Plaintiff fails to state a claim against defendants Onyeje or Frauenheim based on their participation in the prison appeals process.

**D.     CDCR Guidelines**

Plaintiff alleges that his rights were violated because the Warden did not follow the CDCR's guidelines for preventing inmates from contracting Valley Fever at Pleasant Valley State Prison, and Plaintiff contracted Valley Fever.

Plaintiff is advised that violation of rules and policies of the CDCR, state regulations, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28

///

U.S.C. § 1367.  In this instance, the court fails to find any cognizable federal claims in the First Amended Complaint.

Therefore, Plaintiff fails to state a claim against Warden Frauenheim for his failure to follow CDCR rules and guidelines.

**E.     Medical Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.

(quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that Dr. Chokatos knew about Plaintiff's symptoms but refused to prescribe the proper medication to treat Valley Fever until September 13, 2014, approximately fifteen months after Plaintiff was diagnosed with the disease. Plaintiff also alleges that Dr. Chokatos refused to provide Plaintiff with adequate pain medication.

Plaintiff has shown that he had a serious medical need, because failure to properly treat Valley Fever symptoms or to provide adequate pain medication could result in further significant injury or the unnecessary and wanton infliction of pain. However, Plaintiff has not alleged facts in the First Amended Complaint demonstrating that any of the Defendants acted with deliberate indifference to his medical needs. There are no factual allegations that Dr. Chokatos had the requisite state of mind when he failed to prescribe or delayed prescribing particular medications for Plaintiff. To state a claim in a case involving choices between alternative courses of treatment, Plaintiff must show that the course of treatment Dr. Chokatos chose was medically unacceptable under the circumstances and that Dr. Chokatos chose this course in conscious disregard of an excessive risk to Plaintiff's health. Plaintiff has not done so.

Therefore, Plaintiff fails to state a medical claim against defendant Dr. Chokatos.

///

**F.     Safe Conditions of Confinement – Eighth Amendment – Valley Fever**

Plaintiff alleges that Warden Frauenheim knew Plaintiff had asthma that is triggered by dusty conditions, and yet he allowed Plaintiff to remain at PVSP, where Plaintiff contracted Valley Fever.

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer, 511 U.S. at 847 (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling, 509 U.S. at 35.

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Id. (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

Plaintiff has failed to sufficiently allege that Warden Frauenheim, or any other Defendant, knew of a risk of harm and failed to prevent it. Plaintiff alleges that Warden Frauenheim should not have allowed Plaintiff to remain at PVSP with a documented case of asthma that is triggered by dusty conditions. While Plaintiff alleges that Dr. Chokatos knew

that Plaintiff has asthma, Plaintiff provides no factual allegations for the court to infer that Warden Frauenheim was aware that Plaintiff had asthma or that Plaintiff was at risk of harm if he were not transferred away from PVSP.  Plaintiff must plausibly allege that Defendants exhibited deliberate indifference in taking, or failing to take, the alleged actions.  See Lua v. Smith, 2015 WL 1565370 (E.D. Cal. 2015).

While the Court recognizes that the exact circumstances required to state a claim under the Eighth Amendment based on Valley Fever exposure are not clear, it is well settled that exposure to, and contraction of Valley Fever, while housed at an endemic institution are not, by themselves, sufficient to state a claim under the Eighth Amendment. In other words, the premise that the location of CSP is so inherently dangerous due to the presence of Valley Fever cannot support a constitutional violation.  See Hines v. Youssef, 2015 WL 164215, at *4 (E.D. Cal. 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); accord Williams v. Biter, 2015 WL 1830770, at *3 (E.D. Cal. 2015).  This premise is unacceptable where free citizens residing in the surrounding areas tolerate this increased risk, regardless of race or medical condition.  "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk exposure to Coccidioides immitis spores," and "[u]nless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate." Hines, at *4.

For the reasons discussed above, Plaintiff's allegations are speculative, at best, and do not state a claim against any Defendant.

## V.     CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The court finds that the deficiencies outlined above are not capable of being cured by amendment,

and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2. The Clerk be directed to close this case

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2017**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE