UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEROY COOPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-00908-DAD-GSA<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. No. 14) |

Plaintiff Jason Leroy Cooper is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

On March 2, 2017, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed based on plaintiff's failure to state a cognizable claim in his first amended complaint. (Doc. No. 14.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within thirty days. (*Id.*) After being granted an extension of time to do so, plaintiff filed his objections to the findings and recommendations on May 5, 2017. (Doc. No. 17.) Therein, plaintiff states that he does not object to the recommended dismissal of his claims against defendants Scott Kernan, O. Oneje, and Scott

1

Frauenheim. However, plaintiff does object to the dismissal of defendant Dr. Chokatos, a physician at Pleasant Valley State Prison, from this action. (*Id.* at 2.) Plaintiff states that he is able to allege facts sufficient to state a § 1983 claim under the Eighth Amendment and a state law claim for intentional infliction of emotional distress against Dr. Chokatos. Accordingly, plaintiff requests leave to file a proposed second amended complaint (*see id.*, Ex. A), which purportedly cures the pleading deficiencies identified in the March 2, 2017 findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the entire file, including plaintiff's objections, the court finds that the findings and recommendations are supported by the record and proper analysis with respect to plaintiff's first amended complaint. However, having reviewed plaintiff's proposed second amended complaint, and for the reasons set forth below, the court will also grant plaintiff leave to file a second amended complaint as to his Eighth Amendment claim only.

## PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT

In his proposed second amended complaint, plaintiff alleges the following. Plaintiff was transferred to Pleasant Valley State Prison ("PVSP") in November 2011. (Doc. No. 17, Ex. A ¶ 1.) In approximately June 2013, plaintiff was diagnosed with coccidioidomycosis, or "Valley Fever." (*Id.* ¶¶ 9–10.) Valley Fever is not a curable disease, and the disseminated form of the disease is progressive, painful, and debilitating, and, if left untreated, uniformly fatal once it progresses to meningitis. (*Id.* ¶¶ 11, 13.) The only medications found to be effective in treating Valley Fever are certain triazole compounds, including Fluconazole dosed at 400 milligrams per day; to be effective, Fluconazole must be taken daily, and lifelong treatment is recommended. (*Id.* ¶ 14.)

California health officials have long known about the prevalence of Valley Fever in the San Joaquin Valley region of the state. In November 2004, the Deputy Director of Health Care Services at the California Department of Corrections and Rehabilitation ("CDCR") wrote a memorandum (the "Kanan Memo") to CDCR staff and officials regarding Valley Fever, its origin, and its treatment. (*Id.* ¶ 16.) The Kanan Memo recognized that triazole compounds, such

2

as Fluconazole, are the only medications known to be effective on inmates with Valley Fever. (*Id.*) The Kanan Memo was and continues to be widely available to CDCR physicians, including defendant Dr. Chokatos. (*Id.*) In April 2012, the California Correctional Health Care Services released a report titled "Coccidiodomycosis in California's Adult Prisons, 2006–2010," which concluded that the incidence of Valley Fever has been increasing in some prisons, including at PVSP. (*Id.* ¶ 17.)

Defendant Dr. Chokatos was the primary care physician assigned to plaintiff by CDCR during the time he was at PVSP. (*Id.* ¶ 2.) Defendant Chokatos regularly treated patients with Valley Fever and knew that the only medications shown to be effective in treating the disease were triazole compounds, such as Fluconazole. (*Id.* ¶ 22.) Soon after plaintiff was diagnosed with Valley Fever, he requested that defendant Dr. Chokatos start him on Fluconazole. (*Id.* ¶¶ 23–24.) Defendant Chokatos refused. (*Id.* ¶ 24.) During the next sixteen months, plaintiff's symptoms worsened, and he repeatedly reported his symptoms to defendant Chokatos while requesting Fluconazole; but on each occasion, defendant Chokatos refused to provide such treatment. (*Id.* ¶ 25.) As a result of his refusal, plaintiff alleges that the disease progressed, causing him to suffer body aches, joint pain, and severe and debilitating fatigue. (*Id.* ¶ 26.) Finally, in September 2014, defendant Chokatos prescribed Fluconazole. (*Id.* ¶ 27.) The treatment eased his symptoms and appeared to slow the progression of the disease. (*Id.*) By that time, however, the delay in treatment had caused plaintiff's disease to progress, causing additional and worsening symptoms and suffering. (*Id.* ¶ 28.) In this action, plaintiff seeks monetary and declaratory relief.

Based on the aforementioned facts, plaintiff alleges a claim for inadequate medical care under the Eighth Amendment and a related state law claim for intentional inflection of emotional distress ("IIED").

## DISCUSSION

**A.      Deliberate Indifference under the Eighth Amendment**

The Civil Rights Act, pursuant to which plaintiff alleges an Eighth Amendment violation, provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to make out a valid claim under § 1983, a plaintiff must allege and eventually prove that (i) the conduct complained of was committed by a person acting under color of state law; (ii) this conduct deprived a person of constitutional rights; and (iii) there is an actual connection or link between the actions of the defendants and the deprivation allegedly suffered by decedent. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978); *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). In the Ninth Circuit, a deliberate indifference claim under the Eighth Amendment has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted).

The facts alleged in plaintiff's proposed second amended complaint, if taken to be true, support a plausible inference that defendant Dr. Chokatos was aware of plaintiff's serious medical need and acted with deliberate indifference in denying what has been alleged to be the only recognized treatment for Valley Fever. According to plaintiff's proposed second amended complaint, defendant Dr. Chokatos regularly saw prisoners with Valley Fever and denied adequate treatment to plaintiff on at least two occasions over the course of sixteen months, before finally prescribing Fluconazole to treat his condition. Based upon these allegations, plaintiff has sufficiently stated a claim against defendant Dr. Chokatos for deliberate indifference to a serious medical need under the Eighth Amendment. While plaintiff ultimately bears the burden of proof
/////

at trial with regard to defendant's state of mind, the court is satisfied at this stage in the litigation that plaintiff is entitled to a response from defendant Dr. Chokatos.

**B.     Intentional Infliction of Emotional Distress**

The elements of a claim for IIED under California law are: "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)). The conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 46 Cal. 4th at 1051 (internal citations and quotations omitted).

Here, while the facts alleged in plaintiff's proposed second amended complaint may support an inference that defendant Dr. Chokatos was deliberately indifferent to plaintiff's medical needs, those same facts cannot support an inference that defendant's conduct rose to the level of "extreme and outrageous conduct." Specifically, plaintiff alleges only that defendant denied his request for medical care. Plaintiff has not alleged any other circumstances regarding the severity of his disease or the nature of defendant's response that could be viewed as exceeding the bounds of conduct tolerated in a civilized community. Accordingly, the court concludes that plaintiff's allegations cannot support an IIED claim.

**C.     Leave to Amend**

Generally speaking, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Having considered plaintiff's objections, including his proposed second amended complaint, the court will grant plaintiff leave to file a second amended complaint and allow plaintiff to proceed as to his Eighth Amendment claim

only. Because the facts as alleged in plaintiff's proposed pleadings cannot give rise to a cognizable IIED claim, the court grant leave to amend that claim.

**CONCLUSION**

For the reasons set forth above,

1. The March 2, 2017 findings and recommendations (Doc. No. 14) are adopted with respect to plaintiff's first amended complaint only;
2. Plaintiff is granted leave to file a second amended complaint, and his proposed second amended complaint (Doc. No. 17, Ex. A) shall be deemed filed as of the date of this order;
3. The Clerk of the Court is directed to separately docket plaintiff's proposed second amended complaint (Doc. No. 17, Ex. A) as the operative second amended complaint in this case;
4. Plaintiff shall proceed on his second amended complaint with respect to his Eighth Amendment claim only;
5. Plaintiff's IIED claim is dismissed without leave to amend;
6. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order, including service of defendant Dr. Chokatos.

IT IS SO ORDERED.

Dated: **July 7, 2017**

UNITED STATES DISTRICT JUDGE