UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEROY COOPER,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | 1:15-cv-00908-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 31) |

On April 6, 2018, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, plaintiff argues that he is unable to afford counsel and is not knowledgeable about litigation. This alone does not make plaintiff's case exceptional. While the court has found that "plaintiff has sufficiently stated a claim against defendant Dr. Chokatos for deliberate indifference to a serious medical need under the Eighth Amendment," this finding is not a determination that plaintiff is likely to succeed on the merits, and at this juncture the Court cannot determine that plaintiff is likely to succeed. (ECF No. 18 at 4:25-27.) Plaintiff's medical claims do not appear complex, and based on a review of the record in this case, it appears that plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 19, 2018**            /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE