UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEROY COOPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | 1:15-cv-00908-DAD-GSA (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE HIS OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 42.)**<br><br>**SIXTY-DAY DEADLINE** |

**I.　BACKGROUND**

Jason Leroy Cooper ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint filed on July 7, 2017, against defendant Dr. Chokatos ("Defendant") on Plaintiff's medical claim under the Eighth Amendment. (ECF No. 19.)

On July 27, 2018, Plaintiff filed a motion for the appointment of counsel and a motion to defer the court's ruling on Defendant's pending motion for summary judgment. (ECF No. 42.) On August 17, 2018, Defendant filed an opposition to Plaintiff's motions. (ECF No. 44.) Plaintiff has not filed a reply, and the time for filing a reply has expired. L.R. 230(*l*).

**II.　APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the

1

Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that the court has found that his case has merit, his case presents complex and difficult factual issues and he is unschooled in both legal and medical matters. These factors alone do not make Plaintiff's case exceptional under the law. At this stage of the proceedings the court cannot find that Plaintiff is likely to succeed on the merits. While the court has found that "Plaintiff alleges a claim for inadequate medical care under the Eighth Amendment and a related state law claim for intentional infliction of emotional distress," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 18 at 3:22-24.) The legal issue in this case -- whether defendant Dr. Chokatos was deliberately indifferent to Plaintiff's serious medical needs -- is not complex. Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims. Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

**III.    MOTION TO DEFER RULING**

Plaintiff seeks an order deferring the court's ruling on Defendant's motion for summary judgment to allow Plaintiff time to obtain counsel and hire an expert medical witness. Plaintiff contends that without an expert witness knowledgeable about the proper treatment for Valley Fever and the care, or lack of care, given to Plaintiff by Defendant Chokatos, he cannot file a credible opposition to the motion for summary judgment. Plaintiff asserts that as a layman he cannot render an expert medical opinion himself and that without counsel, he cannot hire an expert witness. Plaintiff also asserts that he is indigent.

In opposition to Plaintiff's motion, Defendant argues that the court is not authorized to expend public funds for an expert witness to testify on Plaintiff's behalf, and with no way to pay a medical expert witness Plaintiff is unlikely to secure one, even if he is represented by an attorney. Conversely, Defendant argues that the lack of a medical expert is not necessarily fatal to a deliberate indifference claim.

**Discussion**

The court construes Plaintiff's motion as a timely motion for extension of time to file his opposition to Defendant's motion for summary judgment.[1]

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). The court finds good cause to allow Plaintiff 60 days in which to obtain counsel and an expert witness. Therefore, Plaintiff's deadline to file his opposition to the motion for summary judgment shall be extended until 60 days from the date of service of this order.

**IV.　CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and
2. Plaintiff is GRANTED an extension of time until 60 days from the date of service of this order, in which to file his opposition to Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: **September 4, 2018**　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Based on the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a *pro se* prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Therefore, Plaintiff's motion for extension of time is deemed filed on July 21, 2018, which is before Plaintiff's July 25, 2018, deadline to oppose the motion for summary judgment.