UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEROY COOPER,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | No. 1:15-cv-00908-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 46) |

Plaintiff Jason Leroy Cooper is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint against defendant Dr. Chakotos for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. No. 19.)

On July 27, 2018, plaintiff concurrently filed a second[1] motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and motion to delay consideration of defendant's motion for summary judgment by at least ninety days (Doc. No. 42.) Defendant filed his opposition to plaintiff's motions on August 17, 2018. (Doc. No. 44.) Plaintiff did not file a reply. On September 4, 2018, the assigned magistrate judge denied plaintiff's second motion for

/////

---

[1] On April 19, 2018, the assigned magistrate judge denied plaintiff's previous motion for appointment of counsel. (Doc. No. 33.)

1

appointment of counsel without prejudice and granted plaintiff a sixty–day extension of time to file his opposition to defendant's pending motion for summary judgment. (Doc. No. 45 at 3.)

On October 18, 2018, plaintiff filed objections to the magistrate judge's order denying his second motion for appointment of counsel, and requested review of the magistrate judge's order by the district judge. (Doc. No. 46 at 3.) The court will construe plaintiff's request as a motion for reconsideration of the order denying appointment of counsel. Defendant has not filed an opposition to the motion for reconsideration. *See* L.R. 303(d).

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A).

On a motion to reconsider a magistrate judge's non-dispositive order, the magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–02 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted). In reviewing pretrial orders of a magistrate judge, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991).

Plaintiff does not identify any error of law or fact in the magistrate judge's order in moving for its reconsideration. Plaintiff merely argues that the denial of appointment of counsel will foreclose him from presenting his claims because he requires counsel to secure a medical expert. (Doc. No. 46 at 3, ¶ 7.) Plaintiff avers that, without a medical expert to refute defendant's expert opinions, he cannot successfully oppose defendant's motion for summary

judgment. (*Id.* at 2, ¶ 3.) Plaintiff states that his mother attempted to secure a medical expert for him, but the experts contacted declined to discuss assisting plaintiff unless he was represented by counsel. (*Id.* at 2, ¶ 4.) Accordingly, plaintiff requests that the order denying appointment of counsel be reconsidered and that counsel be appointed in order to secure a medical expert so that he may effectively respond to defendant's pending motion for summary judgment. (*Id.* at 3, ¶ 7.) However, all of these circumstances were considered by the magistrate judge in issuing the September 4, 2018 order denying appointment of counsel.

Because the motion for reconsideration does not suggest new or different facts or circumstances demonstrating that the challenged order was clearly erroneous, plaintiff's motion for reconsideration will be denied. Fed. R. Civ. P. 72(a).

Accordingly,

1. Plaintiff's motion for reconsideration, filed on October 18, 2018 (Doc. No. 46), is denied; and
2. Plaintiff is directed to file his opposition to defendant's motion for summary judgment within fourteen (14) days after service of this order.

IT IS SO ORDERED.

Dated: **November 14, 2018**

_____
UNITED STATES DISTRICT JUDGE